IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SCOTT R. REED, § § Plaintiff § § § -v- § § NORTHEASTERN ASSET § RECOVERY GROUP, INC. § § Defendant. § | Case No. 1:17-cv-136 Hon. |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff Scott R. Reed ("Plaintiff") brings this action to secure redress from unlawful collection practices engaged in by defendant Northeastern Asset Recovery Group, Inc. ("NARG"). Plaintiff alleges violation of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Telephone Collection Practices Act 47 U.S.C. §227 *et. seq.* ("TCPA"), and the Michigan Occupational Code M.C.L. §339.901 *et. seq.* ("MOC").

### II. VENUE AND JURISDICTION

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. §1319(b)(2) as the acts giving rise to Plaintiff's cause of action occurred in this district, Plaintiff resides in this district, and the Defendant transacts and conducts business in this district.

### III. PARTIES

4. Plaintiff is a natural person residing in Clinton County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA and TCPA. Plaintiff is a "consumer," "debtor" and "person" as the terms are defined and used in the MOC.

1

5. NARG is a New York corporation purportedly with offices located at 22 Saw Mill River Rd., Hawthorne NY, 10532. The registered agent for NARG is Anthony Sanita, 256 Ideal St., Buffalo NY 14206.

6. NARG uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. NARG regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. NARG is a "debt collector" as the term is defined and used in the FDCPA and the TCPA.

8. NARG is not licensed by the State of Michigan to collect consumer debts in Michigan. NARG is a "collection agency" and "licensee" as those terms are defined and used in the MOC.

9. At all relevant times to this complaint, NARG has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. §153(14) that originated, routed, and/or terminated telecommunications.

10. At all relevant times to this complaint, K2R engaged in "telecommunications" as defined in the TCPA 47 U.S.C. §153(43).

11. At all relevant times to this complaint, K2R engaged in "Interstate communications" as defined by TCPA 47 U.S.C. §153(22).

12. At all relevant times to this complaint, K2R has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. §153(52), that existed as instrumentalities of interstate and intrastate commerce.

13. At all relevant times to this complaint, K2R has used, controlled, and/or operated "automatic dialing systems" as defined by the TCPA 47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## IV. FACTUAL ALLEGATIONS

14. In approximately December of 2014 Plaintiff's wife Rebbecca Reed opened a charge account with Comenity Bank/Meijer in her name.

15. In October of 2015 Mrs. Reed filed an order for relief under chapter seven of the United States Bankruptcy Code in the Western District of Michigan (Case No. 15-05708).

16. Mrs. Reed listed the account with Comenity as one of her creditors on her bankruptcy petition.

17. On March 17, 2016, Mrs. Reed received a discharge of her indebtedness from the United States Bankruptcy Court.

18. At some point after Mrs. Reed received her discharge, Mr. Reed began receiving billing notices from Comenity.

19. On January 8, 2016 Plaintiff filed a dispute with Comenity Bank stating that he did not open the account.

20. On September 5, 2016 Plaintiff received confirmation from Comenity that he did not owe the debt, and stated they would remove his name from the account and would contact the credit reporting agencies. (Exhibit 1)

21. Plaintiff still disputes owing any debt to Comenity Bank. Defendant alleges that he owes a debt that went into default for late payment and is therefore an alleged "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. Sometime in or around January of 2017, the alleged debt was consigned, placed, or otherwise transferred to NARG for collection from Plaintiff.

23. On January 25, 2017 Plaintiff received a voicemail message from a collector identifying herself as "Nicole Watkins." The message stated that she was calling from the finalization department of NARG and that she needed to make a recommendation to her client regarding a claim attached to Plaintiff's name and social security number. She then asked that Plaintiff or his legal representative contact her.

24. Also on January 25, 2017, Plaintiff's sister received a voicemail from "Nicole Watkins." Ms. Watkins stated that she had "a complaint that she needed to make a recommendation on", that she "needed to start the process" and asked that Plaintiff or his legal representative contact her.

25. Plaintiff returned the call to NARG that night. During the call the following statements were made:

    a. Plaintiff informed Ms. Watkins that he had disputed the debt and did not owe it.

    b. Plaintiff informed Ms. Watkins that he had retained an attorney and that he wanted Defendant's address in order to send them a dispute letter.

3

    c. At no point during the conversation did Ms. Watkins provide Plaintiff with an address where he could send a dispute letter despite multiple requests from Plaintiff.

    d. Ms. Watkins stated that unless Plaintiff had filed a police report on the claim her company would proceed with collection of the debt.

    e. Plaintiff explicitly instructed that he did not want to receive any further calls from NARG.

    f. Despite Plaintiff's assertions that he was not aware the account had been opened, Ms. Watkins stated "I'm going to inform the client you did have knowledge, because you did."

26. On February 8, 2017 Plaintiff, Plaintiff's Sister, and Plaintiff's Wife all received a voicemail from a person identifying herself as "Lindsay Schaefer." The message left for each of them was identical in wording, intonation, and timing. Each voicemail was preceded by a long period of "dead air." The message is as follows:

> (Dead air) Hi my name is Lindsay Schaefer, I'm a private courier giving you a call in regards to some sealed documents that do require your signature. I was going to stop out tomorrow between 12 and 5 if you could please make yourself available. If you wanted to place a stop order on this you can contact the filing party at 1-800-935-1657 again the number is 1-800-935-1657.

27. Later that day Plaintiff called NARG to discuss the voicemail that had been left to him. During the call the following statements were made:

    a. Plaintiff informed the representative multiple times that he had an attorney and provided them with his attorney's name and phone number.

    b. Upon learning that Plaintiff had legal counsel the representative stated that "He needs to call me because they're gonna sue you, you own property."

    c. Plaintiff explained that he had disputed the debt already, and that it was his wife who had opened the account. The representative did not believe Plaintiff and stated that "If it was your wife making purchases, we're gonna have an issue."

    d. The representative also stated that "You have decent credit, I don't want to see a judgment placed against you."

4

28. Plaintiff's Sister also called NARG after listening to the voice mail and was informed that they were attempting to collect a debt from Scott Reed.

29. Because of the statements made by representatives of NARG Plaintiff reasonably believed he was being sued for the debt.

30. Plaintiff is currently employed by the Transportation Safety Administration and believed that any unpaid debts or lawsuits would result in termination of his employment.

31. To date, no lawsuits have been filed against Plaintiff for this debt.

32. Upon information and belief NARG does not employ any attorneys who are licensed to practice law in the State of Michigan.

33. NARG did not intend to file a lawsuit against Plaintiff, nor did they have the ability to do so.

34. NARG's harassment of Plaintiff and their repeated threats of a lawsuit were intended to cause Plaintiff stress, anxiety, and fear.

35. NARG's harassment and threats were the actual and proximate cause of feelings of stress, anxiety, and fear in Plaintiff.

36. NARG's conduct interfered with Plaintiff's marital relationship as it caused Plaintiff and his wife to have repeated fights about money.

37. NARG's conduct interfered with Plaintiff's job performance as he was constantly in fear that he would lose his job due to the threats of a lawsuit.

### *Prohibited Communications with Third Parties*

38. A debt collector may not communicate in connection with the collection of a debt with any person other than the consumer, except to acquire "location information" about the consumer. 15 U.S.C. §1692; 15 U.S.C. §1692c(b).

39. The FDCPA defines "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. §1692a(7).

40. A debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt. 15 U.S.C. §1692b(2).

41. NARG did not obtain the prior consent of Plaintiff to communicate with his wife or his sister.

42. Plaintiff has never given NARG permission to speak with his wife or his sister regarding the alleged debt.

43. NARG disclosed to Plaintiff's wife and his sister that he owed a debt in violation of the FDCPA.

### *Prohibited Communications with Mr. Reed*

44. A debt collector may not communicate in connection with the collection of a debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge or can readily ascertain such attorney's name and address. 15 U.S.C. §1692c(a)(2).

45. Plaintiff informed Defendant numerous times that he was represented by an attorney and provided them with his name and address.

46. NARG's continued communications with Plaintiff after being made aware of his legal representation is a violation of the FDCPA.

### *Harassment of Mr. Reed, Mrs. Reed, and Mr. Reed's Sister*

47. A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt such as causing a telephone to ring or engaging repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. §1692d(5).

48. NARG's obnoxious and incessant calls made to Mr. Reed's cellular telephone were made with the intent to harass, abuse, and annoy, and were a violation of the FDCPA.

49. NARG's obnoxious and incessant calls made to Mrs. Reed's cellular telephone were made with the intent to harass, abuse, and annoy, and were a violation of the FDCPA.

50. NARG's obnoxious and incessant calls made to Mr. Reed's sister's cellular telephone were made with the intent to harass, abuse, and annoy, and were a violation of the FDCPA.

### *Defendant's False & Misleading Representations*

51. A debt collector may not threaten to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. §1692e(5).

52. NARG is not a law firm, does not employ attorneys, and is not allowed to practice law in the State of Michigan.

53. NARG did not intend to file a lawsuit against Plaintiff.

54. It is unlawful for a debt collector to falsely represent or imply that documents are legal process 15 U.S.C. §1692e(13).

55. Upon information and belief, the person identified as "Lindsay Schaefer" is an employee of NARG and the contents of her voicemail are intended to cause the recipient to falsely believe they are being sued.

### *Defendant's Unlawful Use of an Automatic Telephone Dialing System*

56. In connection with its attempts to collect the alleged debt, NARG placed telephone calls to phone number (517) XXX-9545 Plaintiff's cellular telephone number; (517) XXX-6311 Plaintiff's Wife's cellular telephone number; and (989) XXX-6757 Plaintiff's Sister's telephone number.

57. These calls were placed for non-emergency purposes.

58. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, NARG placed them by using an automatic telephone dialing system.

59. NARG never had the actual or implied consent of Plaintiff to use an automatic telephone dialing system to call his cellular telephone. Alternatively, any consent that had been given was revoked by Plaintiff when he explicitly stated he did not want to receive any more calls.

60. NARG knew or should have known that continued calls to Plaintiff would be harassing.

61. NARG continued to use an automatic telephone dialing system to call Plaintiff

62. Since January 1, 2017, Defendant has placed at least fifteen calls to Plaintiff, Plaintiff's wife, and Plaintiff's sister.

63. Plaintiff was annoyed and harassed by NARG's calls to his cellular telephone and the telephone calls to his wife and sister.

64. NARG placed these calls voluntarily.

65. NARG placed these calls under its own free will.

66. NARG had knowledge that it was using an automatic telephone dialing system to place these calls.

67. NARG intended to use an automatic telephone dialing system to place these calls.

68. The natural consequence of NARG's calls to the cellular telephone of Plaintiff, his wife, and his sister was harassing.

69. Defendant intended to harass Plaintiff by continuing to call the cellular telephone belonging to Plaintiff, his wife, and his sister.

*****

70. The acts and omissions of NARG and its employees done in connection with efforts to collect a debt from Plaintiff were done intentionally and willfully.

71. NARG and its employees intentionally and willfully violated the FDCPA, TCPA, and MOC.

72. As an actual and proximate result of the acts and omissions of defendant and its employees, Plaintiff has suffered actual damages and injury for which he should be compensated in an amount to be established by jury and at trial, including but not limited to:

    a. Damage to and interference with Plaintiff's marital relationship with his wife, as well as damage to and interference with Plaintiff's familial relationship with his sister.

    b. Feelings of generalized depression, fear, embarrassment, anxiety, stress, and suffering.

    c. Insomnia and poor work performance due to stress and anxiety about losing his job.

## V. TRIAL BY JURY

73. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## VI. PRAYER FOR RELIEF

### Count I – Fair Debt Collection Practices Act

74. Plaintiff incorporates the foregoing paragraphs by reference.

75. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include but are not limited to the following:

    a. Defendant violated 15 U.S.C. §1692b;

    b. Defendant violated 15 U.S.C. §1692c;

    c. Defendant violated 15 U.S.C. §1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

    d. Defendant violated 15 U.S.C. §1692e by using false and misleading representations or means in connection with the collection of a debt; and

    e. Defendant violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiff.

**Wherefore,** Plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. §1692l(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

d) Such further relief as the court deems just and equitable.

**Count II – Michigan Occupational Code**

76. Plaintiff incorporates the foregoing paragraphs by reference.

77. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not limited to the following:

    a. Defendant violated M.C.L. §339.915(m) by bringing a public notice that the consumer is a debtor;

    b. Defendant violated M.C.L. §339.915(n) by using a harassing, oppressive, or abusive method to collect a debt;

    c. Defendant violated M.C.L. §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

    d. Defendant violated M.C.L. §339.919.

**Wherefore**, Plaintiff seeks judgment against defendant for:

   a) Actual damages pursuant to M.C.L. §339.916(2);

   b) Treble the actual damages pursuant to M.C.L. §339.916(2);

   c) Statutory damages pursuant to M.C.L. §339.916(2);

   d) Reasonable attorney's fees and court costs pursuant to M.C.L. §339.916(2); and

   e) Equitable relief pursuant to M.C.L. §339.916(2).

**Count III – Telephone Collection Practices Act**

78. Plaintiff incorporates the foregoing paragraphs by reference.

79. Defendant has violated 47 U.S.C. §227(b)(1)(A)(iii) and 47 C.F.R. §64.1200 (a)(1)(iii) by using an automatic dialing system to make numerous calls to the cellular telephones of Plaintiff, Plaintiff's wife, and Plaintiff's sister without consent.

80. Defendant's actions alleged herein constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B).

81. Defendant's actions alleged herein constitute numerous knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C).

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a) Statutory damages of $500.00 per call pursuant to 47 U.S.C. §227(b)(3)(B);

b) Treble damages of $1,500.00 per call pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C);

c) An injunction prohibiting Defendant from contacting Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. §§227(b)(3)(a).

| Dated: February 10, 2017 | Respectfully submitted:<br><br>__/s/_____<br>Jeffrey D. Mapes (P70509)<br>Jeffrey D. Mapes PLC<br>Attorneys for Plaintiff<br>29 Pearl St. NW, Ste. 305<br>Grand Rapids, MI 49503<br>Tel: (616) 719-3847<br>Fax: (616) 719-3857<br>jeff@mapesdebt.com |
|---|---|